UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
:
FELICIA RACINE,                                                  :
                                                                 :
                            Plaintiff,                           :
                                                                 :
            -against-                                            :   Case No. 20-cv-09469-PGG-SLC
                                                                 :
KOCH INDUSTRIES, INC., JULIA KOCH, an                            :
individual, MARY KOCH, an individual, and                        :
MATADOR SECURITY COMPANY NY, LLC,                                :
                                                                 :
                            Defendants.                          :
                                                                 :
-----------------------------------------------------------------x

## DEFENDANTS' ANSWER AND DEFENSES TO AMENDED COMPLAINT

Defendants Koch Industries, Inc., Julia Koch ("JK"), Mary Koch ("MJK") and Matador Security Company NY, LLC ("Matador") (collectively "Defendants"), by and through their attorneys, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., hereby submit as their Answer and Defenses to the Amended Complaint ("Complaint") of Plaintiff Felicia Racine ("Plaintiff"):

### As to "JURISDICTION AND VENUE"

1.  Paragraph 1 of the Complaint states introductory material and/or a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 1, except admit that Plaintiff purports to bring her case pursuant to the cited statutes and regulation.

2.  Paragraph 2 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Defendants admit that this Court has jurisdiction over this matter.

3. Paragraph 3 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Defendants admit that venue is proper in this Court.

4. Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint, except admit that a charge of discrimination was filed with the Equal Employment Opportunity Commission.

### As to "PARTIES"

5. Answering paragraph 5 of the Complaint, Defendants admit that Plaintiff is a female, former employee of Defendant Matador, deny that Plaintiff was an employee of any Defendant other than Matador, and deny having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 5 of the Complaint.

6. Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint.

7. Defendants admit that Matador is a private company and deny the remaining allegations contained in paragraph 7 of the Complaint.

8. Defendants admit that Julia Koch, Mary Koch, John Koch and David Koch, Jr. are members of the Koch family and deny the remaining allegations contained in paragraph 8 of the Complaint.

9. Defendants admit that when Plaintiff was an employee of Matador, she held the position of Executive Protection Specialist ("EP Specialist") and was primarily assigned to handle responsibilities in regard to members of the Koch family, and deny the remaining allegations contained in paragraph 9 of the Complaint.

10. Defendants deny the allegations in paragraph 10 of the Complaint.

11. Defendants deny the allegations in paragraph 11 of the Complaint.

12. Defendants deny the allegations in paragraph 12 of the Complaint.

13. Defendants admit that, when Plaintiff was an employee of Matador, her Matador supervisors provided guidance to her regarding her role, responsibilities and expectations related thereto and deny the remaining allegations in paragraph 13 of the Complaint.

### As to "BACKGROUND"

14. Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint.

15. Defendants admit that when Plaintiff was assigned to protect members of the Koch family, she generally did so on a rotation schedule of three weeks on and two weeks off, and deny having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 15 of the Complaint.

16. Defendants deny the allegations contained in paragraph 16 of the Complaint.

17. Defendants admit that Matador offered Plaintiff employment as an EP Specialist on August 20, 2018 at a salary of $155,000.00 per year, less applicable tax withholdings, and deny the remaining allegations contained in paragraph 17 of the Complaint,

18. Defendants admit that, when Plaintiff was an employee of Matador, she generally worked a rotation schedule of three weeks on and two weeks off and deny the remaining allegations contained in paragraph 18 of the Complaint.

### As to "FACTS"

19. Defendants admit that from September 2018 to August 2019, Matador generally assigned Plaintiff to provide executive protection for members of the Koch family in New York and deny the remaining allegations contained in paragraph 19 of the Complaint.

20. Defendants deny the allegations contained in paragraph 20 of the Complaint.

21. Defendants deny having knowledge or information as to what Plaintiff allegedly understood or believed and deny the remaining allegations contained in paragraph 21 of the Complaint.

22. Defendants deny having knowledge or information as to what Plaintiff allegedly believed and deny the remaining allegations contained in paragraph 22 of the Complaint.

23. Defendants admit that a trip to South Africa was planned for June 2018 and that Matador named it "Project X" and deny the remaining allegations contained in paragraph 23 of the Complaint.

24. Defendants admit that Plaintiff accepted an offer of employment from Matador in August 2018 and deny the remaining allegations contained in paragraph 24 of the Complaint.

25. Defendants admit that, at various times in 2018, Matador assigned Plaintiff to executive protection duties related to MJK and deny the remaining allegations contained in paragraph 25 of the Complaint,

26. Defendants admit that a trip to the Mediterranean was planned for August 2018 and that Plaintiff did not attend this trip and deny the remaining allegations contained in paragraph 26 of the Complaint.

27. Defendants deny the allegations contained in paragraph 27 of the Complaint.

28. Defendants admit that Lou Pellechio resigned employment with Matador and deny the remaining allegations contained in paragraph 28 of the Complaint.

29. Defendants deny the allegations contained in paragraph 29 of the Complaint.

30. Defendants deny the allegations contained in paragraph 30 of the Complaint.

31. Defendants deny the allegations contained in paragraph 31 of the Complaint.

32. Defendants deny the allegations contained in paragraph 32 of the Complaint.

33. Defendants admit that on or about March 17, 2019, JK sent a text message to Plaintiff, which stated, "She went to the beach this morning and is horribly sunburn. Can you buy her a woman.s sun shirt at the gift shop in a size medium that covers her top half", to which Plaintiff responded, "Yes I can", and deny the remaining allegations contained in paragraph 33 of the Complaint.

34. Defendants admit that on or about June 1, 2019, JK sent text messages to Plaintiff, which stated, "Mary is depressed", "Have you spoken with her", and "She did not need to ne [sic] there until 945 tomorrow", to which Plaintiff responded, "Yes she seemed fine a couple of minutes ago", deny having knowledge or information as to what Plaintiff allegedly believed, and deny the remaining allegations contained in paragraph 34 of the Complaint.

35. Defendants admit that on or about June 19, 2019, JK sent text messages to Plaintiff, which stated, "Can you check on MJ" and "She is lonely", to which Plaintiff responded, "Yes" and "She's okay she's about to go to sleep", deny having knowledge or information as to what Plaintiff allegedly believed, and deny the remaining allegations contained in paragraph 35 of the Complaint.

36. Defendants deny the allegations contained in paragraph 36 of the Complaint.

37. Defendants deny the allegations contained in paragraph 37 of the Complaint.

38. Defendants admit the allegations contained in paragraph 38 of the Complaint.

### As to "Mary attends Harvard University"

39. Defendants admit that in or around September 2019 through February 12, 2020, Matador assigned Plaintiff to executive protection duties related to MJK at Harvard University and deny the remaining allegations contained in paragraph 39 of the Complaint.

40. Defendants admit that MJK stayed at the Charles Hotel in September 2019 and deny the remaining allegations contained in paragraph 40 of the Complaint.

41. Defendants admit that, on or about October 5, 2019, MJK requested that Plaintiff provide assistance to a friend at the China King restaurant in Boston, that the friend was later taken to a hospital by ambulance, and that Plaintiff drove MJK and others to Cambridge, and deny the remaining allegations contained in paragraph 41 of the Complaint.

42. Defendants deny the allegations contained in paragraph 42 of the Complaint.

43. Defendants admit, on or about October 11, 2019, JK sent text messages to Plaintiff, which were in response to Plaintiff's text messages and which stated, "Is she using a fake is", "ID", "I think it is a felony in Texas", to which Plaintiff responded, "I don't think so", deny having knowledge or information as to what Plaintiff allegedly felt, and deny the remaining allegations contained in paragraph 43 of the Complaint.

44. Defendants deny the allegations contained in paragraph 44 of the Complaint.

45. Defendants deny the allegations contained in paragraph 45 of the Complaint.

46. Defendants deny the allegations contained in paragraph 46 of the Complaint.

47. Defendants admit that, on or about November 22, 2019, a bus was rented to transport MJK and others to New Haven, Connecticut for a football game and deny the remaining allegations contained in paragraph 47 of the Complaint.

48. Defendants admit that, on or about November 17, 2019, MJK sent a text message to Plaintiff, which stated, "Hi could you please have a smoothie downstairs in 20 mins", that Plaintiff purchased smoothies for herself and MJK and that Plaintiff drove MJK to Harvard, and deny the remaining allegations contained in paragraph 48 of the Complaint.

49. Defendants deny the allegations contained in paragraph 49 of the Complaint.

50. Defendants admit that, on November 22, 2019, MJK and Plaintiff exchanged a number of text messages and deny the remaining allegations contained in paragraph 50 of the Complaint.

51. Defendants deny having knowledge or information as to what Plaintiff allegedly felt and deny the remaining allegations contained in paragraph 51 of the Complaint.

52. Defendants deny having knowledge or information as to what Plaintiff allegedly felt and deny the remaining allegations contained in paragraph 52 of the Complaint.

53. Defendants admit that, on or about December 15, 2019, Plaintiff sent a text message to JK, which stated, "Mary is home and in for the night", and deny the remaining allegations contained in paragraph 53 of the Complaint.

54. Defendants admit that, on or about December 20, 2019, JK sent a text message to Plaintiff, which stated, "Pleas bring MJ home now", to which Plaintiff responded, "Ok", and that MJK sent text messages to Plaintiff, which stated, "My location is ambiguous" and "Leaving in an Uber", deny having knowledge or information as to what Plaintiff allegedly felt, and deny the remaining allegations contained in paragraph 54 of the Complaint.

55. Defendants deny the allegations contained in paragraph 55 of the Complaint.

56. Defendants admit that, on or about January 3, 2020, JK sent a text message to Plaintiff, which stated, "MJ is mentioning going to Camelot.  I said no Has she contacted you", deny having knowledge or information as to what Plaintiff allegedly felt, and deny the remaining allegations contained in paragraph 56 of the Complaint.

57. Defendants deny the allegations contained in paragraph 57 of the Complaint.

58. Defendants admit that, on or about January 24, 2020, Plaintiff sent a text message to MJK, which stated, "Are you guys coming back out??", and that MJK responded on January 25,

2020 with a text message stating, "So sorry I'm just seeing this…Hope the driver went home", and deny the remaining allegations contained in paragraph 58 of the Complaint.

59. Defendants admit that, on or about February 3, 2020, MJK sent text messages to Plaintiff, which stated, "Could you make sure to pack up the two bottles of alcohol in the bar as well" and "Can you make me a coffee no foam", and deny the remaining allegations contained in paragraph 59 of the Complaint.

60. Defendants deny the allegations contained in paragraph 60 of the Complaint.

61. Defendants admit that, on or about February 7, 2020, Plaintiff offered to buy three bottles of wine and deny the remaining allegations contained in paragraph 61 of the Complaint.

62. Defendants deny the allegations contained in paragraph 62 of the Complaint.

63. Defendants deny the allegations contained in paragraph 63 of the Complaint..

64. Defendants deny the allegations contained in paragraph 64 of the Complaint.

65. Defendants deny the allegations contained in paragraph 65 of the Complaint.

**ANSWERING THE FIRST CAUSE OF ACTION**
*(Discrimination and retaliation against Koch Industries and Matador under Title VII)*

66. Answering paragraph 66 of the Complaint, Defendants repeat, reiterate and reallege each and every of their previous responses as if more fully set forth herein.

67. Defendants deny the allegations contained in paragraph 67 of the Complaint.

68. Defendants deny the allegations contained in paragraph 68 of the Complaint.

69. Defendants deny the allegations contained in paragraph 69 of the Complaint.

**ANSWERING THE SECOND CAUSE OF ACTION**
*(Wage and hour violations under FLSA)*

70. Answering paragraph 70 of the Complaint, Defendants repeat, reiterate and reallege each and every of their previous responses as if more fully set forth herein.

71. Defendants deny the allegations contained in paragraph 71 of the Complaint.

72. Defendants deny the allegations contained in paragraph 72 of the Complaint.

## ANSWERING THE THIRD CAUSE OF ACTION
*(Discrimination and retaliation under NYSHRL)*

73. Answering paragraph 73 of the Complaint, Defendants repeat, reiterate and reallege each and every of their previous responses as if more fully set forth herein

74. Defendants deny the allegations contained in paragraph 74 of the Complaint.

75. Defendants deny the allegations contained in paragraph 75 of the Complaint.

76. Defendants deny the allegations contained in paragraph 76 of the Complaint.

77. Defendants deny the allegations contained in paragraph 77 of the Complaint.

## ANSWERING THE FOURTH CAUSE OF ACTION
*(Discrimination and retaliation under NYCHRL)*

78. Answering paragraph 78 of the Complaint, Defendants repeat, reiterate and reallege each and every of their previous responses as if more fully set forth herein.

79. Defendants deny the allegations contained in paragraph 79 of the Complaint.

80. Defendants deny the allegations contained in paragraph 80 of the Complaint.

81. Defendants deny the allegations contained in paragraph 81 of the Complaint.

82. Defendants deny the allegations contained in paragraph 82 of the Complaint.

## ANSWERING THE FIFTH CAUSE OF ACTION
*(Wage and hour violations under NYLL)*

83. Answering paragraph 83 of the Complaint, Defendants repeat, reiterate and reallege each and every of their previous responses as if more fully set forth herein.

84. Defendants deny the allegations contained in paragraph 84 of the Complaint.

85. Defendants deny the allegations contained in paragraph 85 of the Complaint.

86. Defendants deny the allegations contained in paragraph 86 of the Complaint.

Answering the "WHEREFORE" paragraph of the Complaint, Defendants deny that Plaintiff is entitled to any relief sought.

## GENERAL DENIAL

Defendants deny each and every allegation in the Complaint not specifically admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming the burden of proof on any issue as to which the burden of proof is on Plaintiff under applicable law, the Defendants assert the additional defenses stated below and expressly reserves and does not waive the right to assert any and all additional defenses at such time and to such extent as discovery and factual developments establish a basis therefor.

## FIRST DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff is not entitled to any damages or other relief, because at no time did Defendants engage in unlawful discriminatory conduct.

## THIRD DEFENSE

The Complaint, and each purported claim contained therein, is barred in whole or in part, because all decisions with respect to Plaintiff's employment were made by Defendants for legitimate, non-discriminatory, non-pretextual reasons and without malice, ill will or other improper motive.

## FOURTH DEFENSE

Plaintiff has failed to mitigate or reasonably attempt to mitigate damages, if any.

**FIFTH DEFENSE**

Defendants did not have actual or constructive notice of any alleged discrimination, harassment or retaliation against Plaintiff. To the extent that any of the Defendants were aware of any allegedly discriminatory, harassing or retaliatory behavior, Defendants exercised reasonable care to prevent and correct promptly the alleged discrimination, harassment or retaliation.

**SIXTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to take advantage of any preventive or corrective opportunities provided by Defendants to avoid harm or otherwise.

**SEVENTH DEFENSE**

Any and all claims by Plaintiff based in whole or in part upon any alleged physical or emotional injury or mental distress are barred because no conduct of Defendants was extreme or outrageous or undertaken with the intent of causing or in reckless disregard of the probability of causing emotional distress.

**EIGHTH DEFENSE**

Plaintiff is not entitled to recover punitive or exemplary damages because at all times Defendants had an anti-discrimination policy and engaged in good faith efforts to enforce it in accordance with applicable federal, state and city laws prohibiting discrimination.

**NINTH DEFENSE**

Plaintiff's claims are barred, in whole, or in part, by the doctrines of unclean hands, laches, waiver or estoppel.

**TENTH DEFENSE**

Plaintiff has failed to exhaust her administrative remedies.

### ELEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, as to hours allegedly worked to which the Defendants lacked actual or constructive knowledge and did not permit or suffer to work.

### TWELFTH DEFENSE

The Complaint is barred, in whole or in part, to the extent that it was not filed within the period of time mandated by the applicable statutes of limitations.

### THIRTEENTH DEFENSE

All actions by Defendants toward Plaintiff were lawful and made in good-faith compliance with applicable provisions of all federal, state and local laws, rules and regulations.

### FOURTEENTH DEFENSE

If and to the extent that any action taken with respect to Plaintiff's employment was motivated by an impermissible consideration, which Defendants expressly deny, Defendants would have taken the same action for non-discriminatory reasons.

### FIFTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendants did not willfully and with intent deprive Plaintiff of any wages or pay to which Plaintiff was entitled under the Fair Labor Standards Act and/or the New York Labor Law.

### SIXTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff seeks compensation in this action for time other than compensable working time.

### SEVENTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff received all wages, salary or income to which she was entitled.

## **EIGHTEENTH DEFENSE**

Without conceding Plaintiff has suffered any damages because of any alleged wrongdoing by Defendants, Plaintiff's claims for damages are subject to the applicable damage caps and/or limits on compensatory and punitive/exemplary damages under Title VII and all other applicable federal, state, and other laws.

**WHEREFORE**, Defendants request that the Court enter judgment dismissing the Complaint in its entirety and with prejudice, granting its costs and attorneys' fees and granting such other relief as the Court may deem just and proper.

Dated:  New York, New York
        April 22, 2021

> OGLETREE, DEAKINS, NASH,
>  SMOAK & STEWART, P.C.
>
> By: /s/ *Patrick M. Collins*
> Patrick M. Collins
> Christina M. Schmid
> Jessica R. Schild
> 599 Lexington Avenue, 17th Floor
> New York, NY 10022
> 212.492.2500
>
> *Attorneys for Defendants*

**CERTIFICATION OF SERVICE**

The undersigned hereby certifies that, on April 22, 2021, the foregoing Answer to the Complaint was electronically filed with the Clerk of the District Court using the CM/ECF system, which sent notification of such case filing on all parties of record in this action.

                                                          *s/ Jessica R. Schild*
                                                          Jessica R. Schild

Case 1:20-cv-09469-PGG-SLC   Document 33   Filed 04/22/21   Page 14 of 14